CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 28 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN RICHARDSON, | ) | CASE NO. 7:17CV00212 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| RED ONION STATE PRISON,[1] | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Brian Richardson, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against unnamed officials at Red Onion State Prison ("Red Onion") that he believes are conspiring against him. After review of the record, the court summarily dismisses the complaint and amendments as frivolous.

I.

Richardson's initial submission was a letter to the court. He complained about unspecified violations of his rights by prison officials. He did not identify any defendants in the title of the case. In later letters, he mentioned some officers by name and alleged, in general terms, conspiracies related to incoming legal mail, verbal threats, and failures to respond to grievances.[2] Richardson also listed several dates when one officer had allegedly sprayed him with mace. Richardson then submitted a § 1983 form which identified only Red Onion as a defendant. This first amended complaint alleged that an officer had removed food items from

---

[1] In an amended complaint, Richardson names "Red Onion State Prison" as the defendant. Accordingly, the court will direct the clerk to substitute this entity on the docket in place of "Unknown."

[2] Richardson asks the court to exempt him from the requirement that he exhaust available administrative remedies before filing a lawsuit. He is advised that this requirement is statutory. See 42 U.S.C. § 1997e(a).

Richardson's breakfast tray on May 14, 2017, and on this basis, Richardson sought to have the officer fired.[3]

At this point in the lawsuit, the court entered an order granting Richardson thirty days to file an amended complaint, identifying proper defendants and clearly stating his § 1983 claims. The order specifically advised him that Red Onion was not a person that could be sued under § 1983 and that the amended complaint should make a complete statement of all of the claims he wished to bring in the lawsuit. The order stated:

> the amended complaint must: (a) clearly identify person(s) as defendant(s); (b) state facts about specific actions undertaken by each defendant, personally, in violation of Richardson's constitutional rights; (c) state what injury Richardson has suffered, or fears he will suffer, as a result of each defendant's violation of his rights; and (d) state what relief he seeks (i.e. monetary damages or a court order). If one defendant has taken unconstitutional actions against Richardson on more than one occasion, Richardson must provide complete facts about each of these events, in detail; he may not simply list the dates.

Order 3, ECF No. 17. The order also warned Richardson that failure to file an amended complaint would result in dismissal of this case without prejudice.

In response to the order, Richardson submitted a second § 1983 form. In this second amended complaint, he named only Red Onion State Prison as a defendant and stated the same claim about food items being removed from his tray on May 14. Again, he asked to have that officer fired, but also asked for monetary damages.

Richardson has also submitted another document that the court construes as another motion to amend. Here, he alleges that Red Onion officials are conspiring to violate prison policies, mistreat inmates, and then cover up their misconduct using a "Blue Wall of Silents [sic]," "military tactic[s]," and conspiracy with court personnel near Red Onion. Pl.'s Mot. Amend 4-5, ECF No. 20. Richardson lists events that he believes have violated his constitutional

---

[3] Richardson is advised that terminating a correctional officer from employment is not a form of relief available under § 1983.

2

rights: on isolated occasions since 2007, an officer did not give Richardson a meal tray, gave him a bad meal tray, put food in his Kool-aid, or removed the cake from his tray; in January 2009, an officer punched the outside of his cell window and called him a "piece of shit"; officers have tried many times to slam the tray slot cover on his fingers, once causing him to cut his thumb; on June 18, 2009, an officer refused to give Richardson a shower; on July 26, 2011, an officer "deliberately stepped on the back of [Richardson's] shower shoe trying to cause [him] to fall down the stairs to [his] death"; and on other occasions, officers did not allow him to hold the rail while going downstairs, "rub[bed his] upper back area in a homosexual manner," or verbally threatened to harm him. Id. at 6, 10, 12.

## II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

The only defendant that Richardson names in his second amended § 1983 complaint is Red Onion State Prison itself.[4] It is well settled that a state cannot be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). This rule also applies to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Id. at 70.

---

[4] Richardson does not refer to any individual officer as a defendant and does not list any such person(s) in the title of the second amended complaint as required. See Fed. R. Civ. P. 10(a) ("**Caption; Name of Parties.** . . . The title of the complaint must name all the parties. . . .")

3

Therefore, correctional centers, as entities operated by the Commonwealth, are not "persons" that can be sued under § 1983, and Richardson's claims against Red Onion must be dismissed, pursuant to § 1915A(b)(1).

In any event, Richardson's current allegations do not state any actionable claim under § 1983 against anyone. His vague assertions of a conspiracy, without any facts about the actions of individual officials, fail to state any actionable § 1983 claim. Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996) (holding that to state conspiracy claim, plaintiff must state facts that would "reasonably lead to the inference that [defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan"). Similarly, Richardson has stated no constitutional claim based on officers' alleged verbal comments and gestures alone, see Henslee v. Lewis, 153 Fed. App'x 179, 179 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)), or based on their alleged failure to respond to inmate requests and grievance forms. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").

The Eighth Amendment, which applies to the states under the Due Process Clause of the Fourteenth Amendment, "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "[T]he Constitution does not mandate comfortable prisons," however, and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347-49 (1981). It is well established that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." See Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks and citations omitted).

4

To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious that it denied him "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). For a constitutionally significant deprivation, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

Richardson's complaints about conditions at Red Onion do not state any constitutional claim, because he does not show how he suffered any "significant physical or emotional harm" from those conditions. Id. First, missing a meal or a food item on isolated occasions is not a sufficiently serious deprivation to give rise to a constitutional claim. See, e.g., White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (affirming district court's dismissal as frivolous of inmate's claim that he received only two meals per day during weekends, because inmate alleged no significant resulting injury). Second, even though mace may cause some discomfort, prison officials may lawfully use it to regain control and safety in appropriate circumstances. See, e.g., Soto v. Dickey, 744 F.2d 1260, 1270 (7th Cir. 1984) (holding that "[t]he use of mace, tear gas or other chemical agent of the like nature when reasonably necessary to prevent riots or escape or to subdue recalcitrant prisoners does not constitute cruel and inhuman punishment"). Although advised to do so, Richardson has not provided sufficient details about the circumstances when officers sprayed him with mace to state any constitutional claim in this case.

Finally, many of Richardson's complaints concern incidents that occurred more than two years before he filed this case. Such claims are barred under the applicable statute of limitations, Va. Code Ann. § 8.01-654(A)(2). A § 1983 claim that occurred in Virginia must be filed within

5

two years from the date when the plaintiff knew of the defendant's harm to him. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001), aff'd, 49 F. App'x 451 (4th Cir. 2002) (unpublished), cert. denied, 538 U.S. 964 (2003). When the court finds it clear from the face of the complaint that the plaintiff's claims are time barred, the court may summarily dismiss the action as frivolous under § 1915A(b)(1). Id. (applying earlier version of 28 U.S.C. § 1915(d)). Thus, any claim that Richardson may be attempting to bring in this action based on events that occurred more than two years before he filed this § 1983 action on May 17, 2017, is time-barred and must be dismissed as such.

For the reasons stated, the court dismisses Richardson's complaint without prejudice, pursuant to § 1915A(b)(1), as frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 28th day of July, 2017.

_____
United States District Judge